**The below described is SIGNED.**

**Dated: July 25, 2006**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **CraCar Construction Company,** | Bankruptcy Number 05-21751 |
| Debtor. | Chapter 11 |
| | |
| **CraCar Construction Company**<br>Plaintiff, | Adversary Proceeding No. 05-02302 |
| v. | Judge: William T. Thurman |
| **BHV Equity Associates, LLC, et al.,** | |
| Defendants. | |

**MEMORANDUM DECISION DENYING CROSS-CLAIM DEFENDANTS' MOTION TO DISMISS**

The matter before the Court is the Cross-Claim Defendants' ("Movants") Motion to Dismiss the cross-claim filed by ajc Architects ("ajc"). Ajc filed a cross-claim against the Movants asserting priority status over the rights of the Movants through a mechanic's lien. Through their Motion to Dismiss, the Movants argue that under Utah law, ajc does not have a

lien against the property at issue because ajc did not timely file an enforcement action against the property. The Court disagrees. The Movants' Motion to Dismiss should be denied.

**I.  BACKGROUND**

The following facts are not in dispute, and are elicited from the moving papers filed in this proceeding. Bear Hollow Village, LLC ("BHV") contracted with ajc to perform architectural services for a development BHV owned in Summit County, Utah ("the Bear Hollow Property"). BHV was and is the legal-title owner of the Bear Hollow Property. The contract between BHV and ajc is not before the Court. On January 17, 2002, ajc filed a Notice of Lien with the Summit County Recorder's office, indicating that ajc last performed under the contract on November 19, 2001.

On February 9, 2005, CraCar commenced the above-captioned chapter 11 bankruptcy case before this Court. CraCar commenced the present adversary proceeding and filed an Amended Complaint against ajc and numerous others on September 2, 2005, seeking foreclosure and declaratory relief against the Bear Hollow Property. Ajc's answer to the Amended Complaint raises the cross-claim at issue, seeking to enforce its mechanic's lien against the Bear Hollow Property.

Through their Motion to Dismiss, the Movants argue that ajc does not have a lien against the Bear Hollow Property because they did not file a civil action to enforce its mechanic's lien within twelve months of furnishing services to the property. Specifically, the Movants argue that the twelve month period began on November 19, 2001, the date of ajc's last performance on the contract.

**II.     JURISDICTION AND VENUE**

Under 28 U.S.C. § 157(b) and (c), the Court has jurisdiction over any matter which arises under the Bankruptcy Code, or which is related to a bankruptcy case. A matter 'arises under' the Bankruptcy Code, and is thus considered "core" if "the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code."[1] A matter is 'related to' a bankruptcy case if the outcome of the matter "could conceivably have any effect on the estate being administered in bankruptcy."[2]

The Court determines that although this cross-claim is not a "core" matter, it is sufficiently 'related to' the CraCar bankruptcy case such that the Court has jurisdiction over this matter under 28 U.S.C. § 157(c). Through this adversary proceeding, CraCar is attempting to foreclose on the Bear Hollow Property, and seeks declaratory relief relating to its priority over other lien-holders on the property. Ajc's cross-claim seeks to assert its lien against the Bear Hollow Property, and also asserts a priority position on any proceeds resulting from CraCar's foreclosure. Thus, if ajc is successful on the cross-claim, CraCar's recovery will be diminished and the return to its creditors will be directly affected. The Court believes the nexus between the cross-claim and this adversary proceeding is sufficiently close to give the Court proper jurisdiction over the cross-claim under 28 U.S.C. § 157(c).

Venue in this matter is appropriate under 28 U.S.C. § 1409(1).

---

[1] In re Doctors Hospital of Hyde Park, Inc., 208 B.R. 311 (Bankr. N.D. Ill. 2004).

[2] In re Zale Corp., 62 F.3d 746 (5th Cir. 1995).

**III.    ANALYSIS**

In ruling on a Motion to Dismiss under Bankruptcy Rule 7012, the Court must accept as true all well-pleaded facts and view those facts in the light most favorable to the nonmoving party.[3]  The Court should only grant the motion if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]  The sole issue on a Motion to Dismiss is "whether the plaintiff is entitled to offer evidence to support her claims."[5]

Utah real property law governs the determination and priority of mechanic's liens.[6]  Utah Code 38-1-11 requires the holder of a mechanic's lien to bring an action to enforce the lien within twelve months after "the completion of the original contract, or the suspension of work thereunder for a period of thirty days."[7]  The alternative language of § 38-1-11 means that a lien-holder may choose at his or her own option to seek to enforce the lien within twelve months of completing the original contract, or of a thirty-day suspension of work.[8]  The twelve-month period in § 38-1-11 is based on the time of completion or suspension of the property owner's contract with a direct contractor.[9]  For purposes of this section, however, "a lien claimant will be

---

[3] Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

[4] Id. at 1063 (quoting Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998)).

[5] Id. at 1063.

[6] See Butner v. U.S., 440 U.S.48 (1979).

[7] The Court notes that this section of the Utah Code was amended in 2004.  Nevertheless, the Court must apply the pre-amendment version of § 38-1-11, because that was the state of the law when ajc and BHV contracted.

[8] Totorica v. Thomas, 397 P.2d 984, 981-87 (Utah 1965).

[9] For-Shor Co. v. Early, 828 P.2d 1080 (Utah. App. 1992).

characterized an 'original contractor,' regardless of the function he performed in the particular construction project, so long as his contract was with the property owner."[10]

In this case, ajc contracted with the owner of the Bear Hollow Property directly. The parties do not dispute that ajc's work qualified for the benefit of a mechanic's lien under Utah law. The real dispute underlying this Motion to Dismiss is whether ajc timely filed an action to enforce its mechanic's lien. The Movants argue that the twelve-month period required by § 38-1-11 began on November 19, 2001, the date ajc last contributed goods or services to the Bear Hollow Property. Ajc argues that the date it last contributed goods is irrelevant. Rather, ajc argues that the twelve-month period begins only when it completed performance on its contract with BHV.

In <u>R.A. McKell Excavating, Inc. v. Wells Fargo Bank, N.A.</u>[11], the Utah Supreme Court dealt with a case very similar to the one at bar. There, McKell ceased performance midway through a construction project for lack of payment by the property owner.[12] McKell recorded a mechanic's lien on the property, indicating the date it last furnished labor and services to the property.[13] McKell filed an action to enforce its mechanic's lien more than twelve months after the date indicated on its Notice of Lien.[14] The property owner moved to dismiss the action, arguing that the twelve month period began to run from the time McKell ceased performance on

---

[10] <u>Id</u>. at 1082.

[11] 100 P.3d 1159 (Utah 2004).

[12] <u>Id</u>. at 1161-62.

[13] <u>Id</u>.

[14] <u>Id</u>.

the contract.[15] The Utah Supreme Court disagreed, holding that the twelve month period would begin only when McKell completed the original contract.[16] The Court stated:

> [h]ad the legislature intended the statute of repose for liens on non-residential property to run from the date the claimant last performed labor and services or last furnished equipment or material instead of from final completion of the original contract, it could have said so explicitly, as it did in the context of residential property.[17]

Thus, the McKell Court held that McKell's action to enforce its lien was timely, and should be allowed.

The facts of McKell are similar to the facts of this case, and the Court believes the holding of McKell equally applicable. Ajc filed a Notice of Lien with the Summit County Recorder's office, indicating that it last contributed services and labor to the Bear Hollow Property on November 19, 2001. The Movants do not allege in their moving papers that this was also the date ajc completed its contract with BHV. Because the Court must view the alleged facts in a light most favorable to the nonmoving party, the Court must infer for purposes of the Motion to Dismiss that ajc did *not* complete its contract on November 19, 2001. As the Movants have not alleged when or if ajc's contract was actually completed, the Court must also infer that the contract remains unperformed.

At the hearing on this matter, the Movants also argued that if the Court believes McKell applicable in this case, the Court should hold that the twelve-month period began upon breach of the contract between ajc and BHV. The Court notes that McKell allows for the twelve-month period to begin upon breach of contract. McKell does not state which party must breach to

---

[15] Id.

[16] Id. at 1162-63.

[17] Id. at 1163.

commence the twelve-month period, nor does it specify the type of evidence necessary to signify the breach. Nevertheless, the Movants have not alleged in their moving papers that a breach of the ajc-BHV contract has occurred, and neither party has specified any dates relating to a breach. Thus, the Court must infer for purposes of this motion that if there was a breach of contract, it was made within twelve months of the date of ajc's enforcement action since the pleadings do not establish facts to suggest otherwise.[18]

In light of these inferences, the holding of McKell suggests that ajc should at a minimum be entitled to present evidence on this matter and might be entitled to relief. Accordingly, the Court must deny the Movants' Motion to Dismiss. The Court notes that the parties presented other arguments in connection with this matter. In light of the Court's decision, however, the Court need not address these arguments.

## IV.   CONCLUSION

The Movants' Motion to Dismiss should be denied. A separate Order accompanies this Memorandum Decision.



_____End of Document_____

---

[18] Supra at note 3.

Service of the foregoing
**MEMORANDUM DECISION DENYING CROSS-CLAIM DEFENDANTS' MOTION TO DISMISS** will be effected through the Bankruptcy Noticing Center to each party listed below.

John Call
Nygaard, Coke & Vincent, LC
333 North 300 West
Salt Lake City, UT 84103

Ronald Russell
Darren Nelson
Parr Waddoups Brown Gee & Loveless
185 South State Street, Suite 1300
Salt Lake City, UT 84147